IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Jose I. Canales-Caraballo<br><br>Plaintiff<br><br>v.<br><br>Universidad de Puerto Rico, Miguel Muñoz, PhD, Zayira Jordan, PhD, and Insurance Company XYZ<br><br>Defendants | Civil No.<br><br>Matter: Violation of Civil Rights, Political Discrimination, Race Discrimination and Retaliation, Title VII Constructive Discharge<br><br>Jury Trial is Demanded |

## COMPLAINT

**TO THE HONORABLE COURT:**

COMES NOW Plaintiff, Jose I. Canales-Caraballo, through the undersigned counsel, and very respectfully alleges as follows:

## I. NATURE OF THE CASE

This is a civil rights action arising from discrimination, retaliation, and constructive discharge in violation of 42 U.S.C. § 1983, the First and Fourteenth Amendments to the United States Constitution, Title VII of the Civil Rights Act of 1964, Sections 1, 4, 6, and 7 of Article II of the Constitution of the Commonwealth of Puerto Rico, and Article 1536 of the Puerto Rico Civil Code.

Plaintiff Jose I. Canales-Caraballo is a long-time UPR career employee who worked as a driver at the Rio Piedras campus and the Office of the President.

In 2024, the Rio Piedras Chancellor approved Plaintiff's request to transfer his Driver I position to the Office of the President, and Plaintiff's file was forwarded for

processing. After a change in UPR leadership, Plaintiff alleges that decisionmakers began treating him as aligned with the prior administration.

On June 6, 2025, Human Resources told Plaintiff the approved transfer was revoked. Plaintiff complained internally to the Human Resources Manager that he held a career position in Central Administration at Rio Piedras and objected to the personnel action. That same day, Plaintiff alleges he was escorted from the workplace by private security and barred from retrieving personal belongings. On June 9, 2025, Plaintiff reported back expecting reinstatement but was sent to OCIU, given no duties, and cut off from normal workplace communications.

About one month later, Plaintiff was reassigned to a position with an approximately 60% pay reduction. Plaintiff alleges these actions were meant to force him out and amounted to constructive discharge. Plaintiff also alleges that, after his separation, UPR assigned his former position and duties to Omar Sanchez, a lighter-skinned and younger employee in charge of the vehicle fleet. Plaintiff filed an EEOC charge on November 14, 2025, and received a Notice of Right to Sue on January 14, 2026.

## II. JURISDICTION

1. This Court has jurisdiction under 28 U.S.C. § 1331, as the claims arise under the Constitution and laws of the United States.

2. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's claims under Puerto Rico law.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391, as the acts complained of occurred in Puerto Rico.

## III. THE PARTIES

2

4. Plaintiff Jose I. Canales-Caraballo is of legal age and a resident of Carolina, Puerto Rico.

5. Defendant University of Puerto Rico ("UPR") is a public corporation created under the laws of the Commonwealth of Puerto Rico.

6. Defendant Mr. Miguel Muñoz, PhD, is of legal age, a resident of Puerto Rico, at all relevant times served as Interim President of the University of Puerto Rico and acted under color of state law. He is sued in his official capacities.

7. Defendant, Dr. Zayira Jordan, is of legal age, a resident of Puerto Rico and is the successor and actual President of the University of Puerto Rico. She is sued in her official character.

8. Defendant Insurance Company XYZ is included by fictitious name because, at this stage, it is unknown whether the UPR maintained coverage applicable to the claims alleged herein.

## IV. FACTS

### FACTS COMMON TO ALL CAUSES OF ACTION

9. Plaintiff began employment with UPR on or about September 13, 2005, in a substitute position at the "Oficina de Conservación de Instalaciones Universitarias (OCIU)."

10. From December 2006 to May 2007, Plaintiff held various substitute and probationary positions within UPR.

11. In August 2007, Plaintiff was appointed as a Driver I (Chofer I) on a probationary basis and acquired tenure in December 2007.

12. From 2008 to 2011, Plaintiff was assigned as driver for the Office of the Chancellor, providing transportation and security services during university strike periods.

3

13. In November 2011, Plaintiff was formally appointed as Confidential/Permanent Driver for the Chancellor.

14. From 2013 to 2022, Plaintiff continuously served as driver for multiple chancellors. In 2015, his career position was formally transferred to the Office of the Chancellor.

15. On July 1, 2022, Plaintiff was detailed as driver and security personnel to then-President Luis Ferrao at the Office of the President.

16. In August 2024, Plaintiff requested the permanent transfer of his Driver I position to the Office of the President.

17. On September 4, 2024, the Chancellor of the Rio Piedras campus approved the transfer, and Plaintiff's personnel file was forwarded to the President's Office Human Resources department.

18. After the 2024 general election and change in UPR leadership, Plaintiff experienced a series of employment actions and working conditions that, taken together, were sufficiently severe that a reasonable employee in Plaintiff's position would have felt compelled to resign.

19. Following the 2024 general elections, Defendant Muñoz was appointed Interim President of UPR. Upon information and belief, beginning shortly thereafter, UPR decisionmakers treated Plaintiff as aligned with the prior administration and began excluding him from customary communications and work-related information.

20. Upon information and belief, UPR leadership labeled Plaintiff as aligned with Governor Pedro Pierluisi because Plaintiff was known to have worked closely with former UPR President Luis Ferrao.

4

21. On June 6, 2025, Plaintiff was summoned to Human Resources and informed that the previously approved transfer of his Driver I position to the Office of the President had been denied and revoked.

22. On June 6, 2025, Omar Sanchez, who at all relevant times was in charge of UPR's vehicle fleet, informed Plaintiff that Sanchez would be taking vacation leave. Plaintiff understood that this period was typically among the busiest times of the year due to university graduations, and Plaintiff perceived the notice as unusual under the circumstances.

23. Plaintiff alleges that Sanchez is lighter-skinned and younger than Plaintiff. Upon information and belief, after Plaintiff's separation, UPR assigned Plaintiff's former position and duties to Sanchez.

24. That same day, Plaintiff was denied access to retrieve personal belongings from his work area and was escorted from the premises by private security.

25. On June 9, 2025, Plaintiff reported to the Rio Piedras campus expecting to be reinstated to his prior assignment. Instead, Plaintiff was directed to report to OCIU, was not assigned work duties, and was effectively cut off from normal workplace communications.

26. Approximately one month later, Plaintiff was reassigned to a position carrying an approximately 60% salary reduction.

27. Upon information and belief, the transfer revocation, removal of duties, and reduction in compensation were taken because of Plaintiff's actual or perceived political affiliation and were intended to pressure Plaintiff to leave his employment.

5

28. Plaintiff's separation from employment was the foreseeable result of these conditions and adverse actions, which Plaintiff alleges constituted a constructive discharge.

29. The foregoing actions were part of a broader politically motivated personnel policy targeting employees perceived to support the prior administration.

30. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission on November 14, 2025, and received a Notice of Rights to Sue on January 14, 2026.

## V. First Cause of Action: Violation of Constitutional Rights pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, the First and Fourteenth Amendment of the United States Constitution: Political Discrimination (Political Patronage)

31. Plaintiff realleges all prior paragraphs.

32. Defendants acted under color of Commonwealth law and, through their acts and omissions, subjected Plaintiff to adverse employment actions because of Plaintiff's actual or perceived political association and/or political non-association.

33. After the 2024 general elections and the appointment of Defendant Muñoz as Interim President, Plaintiff alleges that Defendants: (a) revoked Plaintiff's approved transfer to the Office of the President; (b) removed Plaintiff from his prior assignment; (c) reassigned Plaintiff to OCIU without duties; and (d) reduced Plaintiff's salary by approximately 60%.

34. Plaintiff was not a policymaking employee for whom political loyalty is an appropriate job requirement, and Plaintiff alleges that Defendants knew or perceived Plaintiff's political affiliation and treated Plaintiff adversely because of that perception.

6

35. These adverse actions substantially burdened Plaintiff's rights under the First Amendment and were a motivating factor in Plaintiff's loss of pay, loss of job duties, and ultimate separation from employment.

36. Plaintiff alleges that Defendant Muñoz participated in, directed, authorized, or knowingly failed to prevent the actions described above, and that such actions were taken pursuant to a practice or custom of politically motivated personnel decisions within the relevant UPR administration.

37. The foregoing actions and conditions–including the revocation of the approved transfer, the denial of access to Plaintiff's workspace, the reassignment without duties, and the substantial reduction in compensation–were, individually and collectively, materially adverse and created working conditions that a reasonable person would find intolerable.

38. Plaintiff alleges that he was constructively discharged as a result of Defendants' politically motivated actions.

39. Upon information and belief, after Plaintiff's separation, Defendants assigned Plaintiff's former duties to Omar Sanchez.

40. As a direct and proximate result of Defendants' conduct, Plaintiff suffered loss of wages and benefits and other damages recoverable under 42 U.S.C. § 1983.

## VI. Second Cause of Action: Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.

A. Race Discrimination

41. Plaintiff realleges all prior paragraphs.

42. Plaintiff is Black. Upon information and belief, after Plaintiff's separation from employment, UPR assigned Plaintiff's former position and duties to Omar Sanchez, who

at all relevant times was in charge of UPR's vehicle fleet and who is lighter-skinned and younger than Plaintiff.

43. Plaintiff alleges that UPR subjected Plaintiff to materially adverse changes in the terms and conditions of employment–including removal of duties, reassignment without work, and a substantial reduction in compensation–and that the circumstances surrounding Plaintiff's replacement support an inference that race was a motivating factor in these actions.

B. Retaliation and Constructive Discharge

44. Plaintiff realleges all prior paragraphs.

45. Plaintiff alleges that, shortly after the change in leadership referenced above, UPR removed Plaintiff from his prior assignment, revoked his approved transfer, reassigned him to OCIU without duties, and later reduced his salary by approximately sixty percent (60%).

46. On June 6, 2025, Plaintiff engaged in protected activity under Title VII by making an internal complaint to the Human Resources Manager regarding the denial of his approved transfer and the substantial reduction in his salary following Defendant Munoz's arrival. Plaintiff objected that the President's driver position is a trust position, but that Plaintiff held a career position within UPR's Central Administration at the Rio Piedras campus, and Plaintiff opposed what he reasonably believed to be discriminatory and unequal treatment, including that he was being treated differently than lighter-skinned employees.

47. Plaintiff alleges that immediately after his June 6, 2025, internal complaint, he was barred from retrieving personal belongings and was escorted from the workplace by private security. Plaintiff further alleges that, within days, UPR reassigned him to OCIU,

8

provided him no duties, and cut him off from normal workplace communications, followed by a substantial reduction in compensation approximately one month later.

48. Plaintiff alleges that UPR decisionmakers and supervisors were aware of Plaintiff's internal complaint and, after that complaint, subjected Plaintiff to materially adverse actions and conditions, including removal of duties, reassignment without work, and a substantial reduction in compensation.

49. Plaintiff alleges that, after Plaintiff's separation, UPR assigned Plaintiff's former driving position and duties to Omar Sanchez.

50. Plaintiff alleges that the temporal proximity between his June 6, 2025, internal complaint and the adverse actions and conditions that followed, together with the surrounding circumstances, supports a plausible inference that Plaintiff's protected activity was a motivating factor in UPR decisionmakers' and supervisors' decision to impose and maintain those adverse conditions.

51. Plaintiff alleges that the actions and decisions described above were undertaken by UPR decisionmakers and supervisors (and other UPR employees and agents) acting within the scope of their employment and are attributable to UPR under Title VII.

52. Plaintiff has satisfied Title VII's administrative prerequisites by filing a Charge of Discrimination with the EEOC and receiving a Notice of Right to Sue, as alleged above, and Plaintiff seeks all relief available under Title VII.

### VII. Third Cause of Action, Violation of Constitutional Rights, Sections 1, 4, 6, and 7 of Article II of the Constitution of the Commonwealth of Puerto Rico,

53. Plaintiff realleges all prior paragraphs.

54. Defendants, acting under color of Commonwealth law, violated Plaintiff's rights secured by Sections 1, 4, 6, and 7 of Article II of the Constitution of the Commonwealth of Puerto Rico by subjecting Plaintiff to politically motivated and race-based adverse employment actions, including revocation of an approved transfer, removal of duties, reassignment without duties, a substantial reduction in compensation, and constructive discharge.

55. Article II, Section 1 protects the dignity of the human being and guarantees equality under the law. Plaintiff alleges that Defendants treated Plaintiff differently from similarly situated employees and targeted Plaintiff because of Plaintiff's actual or perceived political affiliation and because Plaintiff is Black.

56. Article II, Section 4 protects, among other rights, freedom of speech and association, including political association and political non-association. Plaintiff alleges that Defendants burdened these rights by imposing adverse employment actions and intolerable working conditions because of Plaintiff's actual or perceived political affiliation. Article II, Section 6 protects due process of law, and Plaintiff alleges that Defendants deprived Plaintiff of protected employment interests and fair treatment without notice or an opportunity to be heard, based on decisions made by the new administration and culminating in constructive discharge.

57. Article II, Section 7 protects the right to privacy and the dignity and reputation of individuals. Plaintiff alleges that Defendants' actions, including escorting Plaintiff from the workplace and barring Plaintiff from retrieving personal belongings, were taken without legitimate justification and contributed to harm to Plaintiff's dignity and reputation associated with Plaintiff's removal and separation. As a direct and proximate result,

10

Plaintiff has suffered economic losses and emotional distress, and Plaintiff is entitled to compensatory and equitable relief under Puerto Rico law.

## VIII TRIAL BY JURY DEMAND

58. Plaintiff demands trial by jury on all triable issues.

## IX. PRAYER

Plaintiff respectfully requests that the Court enter judgment in Plaintiff's favor and award the following relief:

a. A declaration that Defendants violated Plaintiff's rights under the United States Constitution and federal law, including 42 U.S.C. § 1983 and Title VII.

b. A declaration that Defendants subjected Plaintiff to unlawful political discrimination and political retaliation.

c. A declaration that Defendants discriminated against Plaintiff on the basis of race and subjected Plaintiff to unlawful harassment, retaliation, and constructive discharge, in violation of Title VII and applicable Commonwealth law.

d. An award of compensatory damages (and, where authorized, statutory doubling or other enhanced damages) in an amount to be proven at trial.

e. An award of back pay, front pay, and/or lost earnings and benefits, as permitted by law.

f. An award of damages for emotional distress and other non-economic harm, as permitted by law.

g. Punitive damages against any individual Defendant(s) where permitted by law.

h. Prejudgment and post-judgment interest, as permitted by law.

i. An award of reasonable attorneys' fees and litigation expenses, as permitted by law.

11

j.  An award of costs.

k.  Injunctive and equitable relief, including restoration of pay and benefits, reinstatement or front pay in lieu of reinstatement, and an order prohibiting further unlawful retaliation, as the Court deems just and proper.

l.  Such other and further relief as the Court deems just and proper.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered granting the instant Complaint, together with an award of attorney's fees, costs, and expenses, together with any other remedy that the Court deems proper.

**RESPECTFULLY SUBMITTED,** in San Juan, Puerto Rico, this 10th day of April 2026.

Undersigned counsel hereby certifies that, on this same date, this document was filed with the Clerk of the Court electronically (CM/ECF).

**s/Juan A. Vélez-Méndez, Esq.**
USDC-PR 225902
PO Box 9292
Humacao, Puerto Rico, 00792
Tel. (787) 594-1088
Fax (787) 719-6493
javmlaw@gmail.com